UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISPIN MARTINEZ CASAS, | Case No.  1:25-cv-01487-KES-HBK (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DENY RESPONDENTS' MOTION TO DISMISS AND TO GRANT THE PETITION FOR WRIT OF HABEAS CORPUS [1] |
| v. | |
| KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; TONYA ANDREWS, Administrator of Golden State Annex Detention Facility, | (Docs. 1, 13)  FOURTEEN-DAY OBJECTION PERIOD |
| Respondents. | |

Petitioner is a former immigrant detainee proceeding with counsel on his petition for writ of habeas corpus under 28 U.S.C. § 2241, docketed on November 4, 2025.  (Doc. 1, "Petition"). The Petition raises the following claims for relief: (1) detention of Petitioner, as a noncitizen who previously entered the country and has resided here prior to being apprehended and detained

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2025).

under 8 U.S.C. § 1225(b)(2), instead of § 1226(a), is a violation of the Immigration and Naturalization Act ("INA"); and (2) Petitioner's detention in ICE custody without a bond hearing violates his Fifth Amendment due process rights. (*Id*. at 10-11). As relief, *inter alia*, Petitioner asks the Court to issue a writ of habeas corpus requiring that Respondents release him, or in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) with seven (7) days. (*Id*. at 11).

On November 12, 2025, Petitioner filed a motion for temporary restraining order.[2] (Doc. 8, "TRO"). On January 8, 2026, the district judge converted the TRO to a motion for preliminary injunction and granted the motion for preliminary injunction. (Doc. 12). In relevant part, the district court found Petitioner was likely to succeed on the merits of his claim that he is not subject to mandatory detention under § 1225(b)(2)(A) because it does not apply to noncitizens, like Petitioner, who entered the United States without inspection or admission many years ago. (*Id*. at 5 (citing *Guerrero Lepe v. Andrews*, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025)). Specifically, the court concluded Respondents' interpretation of the statute is unpersuasive because it ignores the plain meaning of § 1225(b)(2)(A), disregards the relationship between § 1225 and § 1226, would render a recent amendment to § 1226(c) superfluous, and is inconsistent with decades of prior statutory interpretation and practice. (*Id*. at 5-11).

The Court ordered Respondents to immediately release Petitioner and, should the government seek to re-detain Petitioner, to provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a). (*Id*. at 13). The district judge referred the matter to undersigned magistrate judge for further proceedings. (*Id*.).

On January 15, 2026, Respondents filed a one-paragraph, motion asking the Court to dismiss the Petition for the same reasons and arguments previously presented and rejected by the district court when granting the preliminary injunction. (Doc. 13 (citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025); *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. Nov.

---

[2] The motion for TRO was mistakenly filed as an attachment to the Petition, and Petitioner was directed to re-file the motion for TRO as a separate document. (Doc. 7).

2

17, 2025); *Altamirano Ramos v. Lyons*, 2025 WL 3199872, at \*4 (C.D. Cal. Nov. 12, 2025)).  On January 21, 2026, Petitioner filed an opposition to the motion to dismiss incorporating their previous arguments and submissions in support of their construed preliminary injunction, noting Respondents offered no substantive response the allegations in the Petition.  (Doc. 15).  Petitioner argues the motion to dismiss should be denied and the Petition should be granted as he is not subject to mandatory detention under § 1225(b)(2)(A).  (*Id.* (citing *Guerrero Lepe v. Andrews*, 2025 WL 2716910)).  Respondent elected not to file a reply.  (*See* docket).

The Court has carefully reviewed the record and applicable law and concludes, for the same reasons the district court found Petitioner was likely to succeed on the merits of his claim in the order granting a preliminary injunction (Doc. 12), that as a noncitizen who previously entered the country and has resided here prior to being apprehended Petitioner is not subject to mandatory detention under § 1225(b)(2); rather, his detention is governed by the discretionary framework of § 1226(a).  See *Guerrero Lepe v. Andrews*, 2025 WL 2716910; *see also Aguilar v. Doe*, 2026 WL 323241 (E.D. Cal. Feb. 6, 2026), *findings and recommendations adopted* No. 1:25-CV-01742-KES-HBK (HC) (E.D. Cal. Feb. 9, 2026).

Accordingly, it is hereby **RECOMMENDED:**

1. Respondents' Motion to Dismiss (Doc. 13) be **DENIED**.

2. The Petition for Writ of Habeas Corpus (Doc. 1) be **GRANTED and the case be CLOSED.**

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with

specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:    February 23, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE